IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JAY. M. RINGGOLD, SR.,                )
                                      )
                Plaintiff,            )
                                      )
        v.                            )  Civ. No. 06-17-GMS
                                      )
WILMINGTON POLICE DEPARTMENT,         )
OFFICER THOMAS CURLEY, and            )
OFFICER NELIDA VEGA,                  )
                                      )
                Defendants.           )

## MEMORANDUM

Plaintiff Jay M. Ringgold, Sr., ("Ringgold"), is currently incarcerated at the Delaware

Correctional Institute ("DCC"), in Smyrna, Delaware.  He filed this lawsuit pursuant to 42

U.S.C. § 1983.  Ringgold appears *pro se* and was given leave to proceed *in forma pauperis*

pursuant to 28 U.S.C. § 1915.  (D.I. 3.)  The court now proceeds to review and screen the

complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## I.      THE COMPLAINT

Ringgold  alleges that at approximately 7:00 PM, on March 10, 2004, and during a police

chase, his vehicle was rammed by the police cruisers of the defendants Officer Thomas Curley

and Officer Nelida Vega.  Ringgold also alleges that on March 11, 2004, while being transported

in a van driven by a police officer for the Wilmington Police Department, rear-ended a Jeep

Cherokee.  Ringgold alleges that he was immediately taken to the hospital upon arrival of

medical personnel.

Ringgold alleges that as result of these incidents he sustained injuries.  He seeks financial

compensation and a formal apology.

## II.      STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances.  When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

*Pro se* complaints are liberally construed in favor of the plaintiff.  *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972).  The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)).  An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III.     ANALYSIS

### A.      42 U.S.C. § 1983

When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law.

*West v. Atkins,* 487 U.S. 42, 48 (1988).  Even construing the complaint liberally, Ringgold has

not alleged a constitutional violation by the Wilmington Police Department during the March 11,

2004, accident with the Jeep Cherokee.  Ringgold has alleged mere negligence, nothing more.

Unfortunately for Ringgold, negligence alone is insufficient to impose liability under §

1983.  *Davidson v. Cannon,* 474 U.S. 344, 347 (1986); *Daniels v. Williams*, 474 U.S. 327, 330

(1996).  Accordingly,  the § 1983 claim against the Wilmington Police Department is dismissed

without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) for failure to state a

claim upon which relief may be granted.

### B.    Supplemental State Claim

Ringgold's supplemental state claim against the Wilmington Police Department is also

deficient.  The Delaware County and Municipal Tort Claims Act, Del. Code Ann. tit 10, § 4010

*et seq*. provides that all governmental entities and their employees shall be immune from suit on

any and all tort claims seeking recovery of damages.  Del. Code Ann. tit 10, § 4011(a).  While

there are exceptions to this broad grant of immunity, the complaint contains no hint that any of

the exceptions are applicable to the allegations against the Wilmington Police Department.  Del.

Code Ann. tit 10, §§ 4011(b), (c).

Therefore, the supplemental state negligence claim against the Wilmington Police

Department is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1) on the basis of municipal immunity.

## IV.    CONCLUSION

Based upon the foregoing analysis, the claims against the Wilmington Police Department

are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

3

Ringgold is allowed to proceed against the remaining defendants on his excessive force claim.

An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

May 16, 2006
Wilmington, Delaware

4