IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAY. M. RINGGOLD, SR., )<br>)<br>  Plaintiff, )<br>)<br>v. ) Civ. No. 06-17-GMS<br>)<br>WILMINGTON POLICE DEPARTMENT, )<br>OFFICER THOMAS CURLEY, and )<br>and OFFICER NELIDA VEGA, )<br>)<br>  Defendants. ) | |

### ORDER

At Wilmington this 16th day of May, 2006, for the reasons set forth in the Memorandum issued this date,

1. The claims against the defendant Wilmington Police Department are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) on the bases of municipal immunity and failure to state a claim upon which relief may be granted.

2. The court has identified a cognizable excessive force claim within the meaning of 28 U.S.C. § 1915 and § 1915A(b) against defendants Officer Thomas Curley and Officer Nelida Vega. Plaintiff is allowed to proceed with the claim.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), Ringgold shall complete and return to the clerk of the court an **original** "U.S. Marshal-285" form for the **remaining defendants Officer Thomas Curley and Officer Nelida Vega**, as well as for the **Chief Executive Officer for the City of Wilmington.** Ringgold has provided the court with one copy of the complaint

(D.I. 2) for service upon each remaining defendant.  **Ringgold is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court.  Failure to provide the "U.S. Marshal 285" forms for each remaining defendant and the chief executive officer for the City of Wilmington within 120 days of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3.  Upon receipt of the completed "U.S. Marshal 285" form(s) as required by paragraph 2 above, the United States Marshal shall serve a copy of the complaint (D.I. 2), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) identified in the 285 forms.

4.  Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5.  Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent.  If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6.  No communication, including pleadings, briefs, statement of position, etc., will be

considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7.  **NOTE:** *** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

8.  **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

_____<br>
UNITED STATES DISTRICT JUDGE

May 16, 2006
Wilmington, Delaware