## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAY RINGGOLD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 06-17 GMS |
| v. | : | TRIAL BY JURY DEMANDED |
| | : | |
| OFFICER THOMAS CURLEY and | : | |
| OFFICER NELIDA VEGA | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT OFFICER NELIDA VEGA'S ANSWER TO THE COMPLAINT** [1]

I. Previous Lawsuits

    A. No response is required by Defendant as Plaintiff has left this section blank.

II. Exhaustion of Administrative Remedies

    A. Defendant is without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

    B. Defendant is without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

    C. Defendant is without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

        1. Defendant is without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

        2. Defendant is without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

    D. No response is required by Defendant as Plaintiff has left this section blank.

---

[1] The numerical sequence of Defendant's Answer corresponds to each section of the standard civil complaint form filed by Plaintiff entitled "Form to be Used by a Prisoner in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. §1983." (D.I. 2)

III. <u>Defendants</u>

1. Admitted that the Wilmington Police Department was named as a Defendant in the above captioned matter and is located at 4th and Walnut Streets in the City of Wilmington. However, the claims against the Wilmington Police Department have been dismissed without prejudice in accordance with the Court's Memorandum Opinion and Order dated May 16, 2006. (D.I. 7). As such, the Wilmington Police Department is no longer a Defendant in the above captioned matter.

2. Admitted that Officer Thomas Curley is employed as a police officer by the Wilmington Police Department.

3. Admitted that Officer Nelida Vega is employed as a police officer by the Wilmington Police Department.

IV. <u>Statement of Claim</u>

1. Defendant denies that she was in any way involved in the transfer of Plaintiff to the Howard R. Young Correctional Facility on March 11, 2004 and the alleged vehicular accident. Defendant is without sufficient knowledge and/or information to admit or deny the remaining allegations set forth in this paragraph of the Complaint.

2. Denied that Plaintiff's vehicle was "rammed" by Defendant Curley during a police pursuit. Admitted that on March 10, 2004, Plaintiff was fleeing from several Wilmington Police officers in his vehicle. By way of further explanation, Defendant states that she and Defendant Curley were in a marked Wilmington Police vehicle and were stopped at the intersection of 30th and Madison Streets when Plaintiff struck their marked Wilmington Police vehicle in his attempt to elude arrest. At the time Plaintiff struck Defendants' vehicle, Defendants were not engaged in pursuing Plaintiff.

3. Denied that Plaintiff's vehicle was "rammed" by Defendant Vega during a

police pursuit. Admitted that on March 10, 2004, Plaintiff was fleeing from several Wilmington Police officers in his vehicle. By way of further explanation, Defendant states that she and Defendant Curley were in a marked Wilmington Police vehicle and were stopped at the intersection of 30th and Madison Streets when Plaintiff struck their marked Wilmington Police vehicle in his attempt to elude arrest. At the time Plaintiff struck Defendants' vehicle, Defendants were not engaged in pursuing Plaintiff.

V.  <u>Relief</u>

   1. Denied.

   2. Denied.

   3. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. The Court lacks jurisdiction.

### THIRD AFFIRMATIVE DEFENSE

3. The actions and conduct of Defendant did not rise to the level of a Constitutional violation and, therefore, Plaintiff did not suffer any infringement of his constitutional rights.

### FOURTH AFFIRMATIVE DEFENSE

4. The actions and conduct of Defendant were objectively reasonable under the circumstances which Defendant was aware, therefore, her actions did not violate Plaintiff's Constitutional rights.

### FIFTH AFFIRMATIVE DEFENSE

5. The actions and conduct of Defendant did not violate any clearly established

Constitutional or Federal statutory rights of which Defendant reasonably should have been aware, and she is therefore entitled to qualified immunity.

### SIXTH AFFIRMATIVE DEFENSE

6. The actions and conduct of Defendant were undertaken in the good faith performance of her official duties, without wantonness or malice, and were therefore privileged and immune. 10 Del. C. §4010 et seq.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's damages, if any, are limited to 10 Del. C. §4013 et seq.

### EIGHTH AFFIRMATIVE DEFENSE

8. To the extent that Plaintiff may have been injured, Defendant was not the proximate cause of any such injuries.

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's injuries, if any, were proximately caused by his own wrongful, wanton, willful, reckless, and/or negligent acts.

WHEREFORE, Defendant Vega demands that Plaintiff's Complaint be dismissed with prejudice, and all costs and attorney's fees be assessed against Plaintiff and awarded to Defendant.

/s/ Rosamaria Tassone
Rosamaria Tassone, Esquire (I.D. #3546)
First Assistant City Solicitor
City of Wilmington Law Department
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
Attorney for Defendant Officers Thomas Curley and Nelida Vega

Dated: December 11, 2006