**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JAY RINGGOLD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 06-17 GMS |
| v. | : | TRIAL BY JURY DEMANDED |
| | : | |
| OFFICER THOMAS CURLEY and | : | |
| OFFICER NELIDA VEGA, | : | |
| | : | |
| Defendants. | : | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION

I.  Plaintiff requests all documents and tangible information, pertaining to initial police pursuit.

   A.  All radio transmission transcripts.

   B.  All statements, involving officers, plaintiff, victims, witnesses and/or any other staff or personnel, including and not excluding, all medical personnel, and staff involved.

**RESPONSE:**

   A.  Defendants no longer possess the radio transmissions from March 10, 2004. The computerized dispatch/radio system in effect at that time only permitted the Wilmington Police Department to retain radio transmissions for 12-13 months.

   B.  See documents Bates stamped 1-20.

II. Plaintiff requests all documents and tangible information, pertaining to damage reports of officers vehicle at time of related incident, on or about the day of March 10, 2004.

   A.  Medical records of injuries sustained by officers.

   B.  Estimates from body shop, pertaining to damages and debts incurred to officers vehicle.

   C.  All documents including towing, tickets, and/or all information of debts incurred on/or to plaintiffs vehicle, on/or about the day of March 10th, 2004, and after release of vehicle.

**RESPONSE:**

    A.    Officers did not report any injuries. Please see documents Bates stamped 5 and 20.

    B.    After a good faith search for documents responsive to this request, Defendants have not located any such documents. However, the documents Bates stamped 21-29 depict the damage to both the Defendants' vehicle and Plaintiff's vehicle.

    C.    After a good faith search for documents responsive to this request, Defendants have not located any such documents within the possession of the Wilmington Police Department. However, Defendants have contacted C&B Towing to determine whether they possess any documentation regarding this matter. No documents have been produced by C&B Towing at this time. Should C&B Towing produce any documents, Defendants, as a courtesy, will provide copies to Plaintiff.

III.    Plaintiff requests all medical records and bills.

    A.    Records and bills from Wilmington Hospital, from the night of March 10, 2004, pertaining to Plaintiff.

    B.    Records and bills from St. Francis Hospital, on/or about the day of March 11, 2004.

    C.    Any and/or all tangible documents pertaining to injuries or damages sustained to Plaintiff on the days of March 10th and March 11th, 2004.

    D.    All radio transmission transcripts from said incidents on March 10th and 11th, 2004, from medical personnel, and from police personnel, before, during and after transport, to and from Wilmington Hospital.

**RESPONSE:**

    A.    Objection. Defendants object to this request as unduly burdensome. The documents requested by Plaintiff are not in the possession, custody and control of Defendants as they are documents of Wilmington Hospital and can be obtained directly from Wilmington Hospital. Subject to, and without waiving their objection, Defendants have subpoenaed the medical records from the hospital as part of their case. Once all medical records have been provided to Defendants in response to their subpoenas, as a courtesy, Defendants will forward the documents to Plaintiff under seal.

    B.    Objection. Defendants object to this request as unduly burdensome. The documents requested by Plaintiff are not in the possession, custody and control of Defendants as they are documents of St. Francis Hospital and can be obtained directly from St. Francis Hospital. Subject to, and without waiving their objection, Defendants have subpoenaed the medical records from the hospital as part of their case. Defendants have received the documents today and have not had an opportunity to review the documents. Once all medical records have been provided to Defendants in response to their subpoenas, as a courtesy, Defendants

       will forward the documents to Plaintiff under seal.

   C.    See documents Bates stamped 30-35. The names of victims/passengers and their personal information, other than those employed by the City of Wilmington, have been redacted to ensure their privacy as they are not parties to this case.

   D.    Defendants no longer possess the radio transmissions from March 10, 2004. The computerized dispatch/radio system in effect at that time only permitted the Wilmington Police Department to retain radio transmissions for 12-13 months. Defendants object to the extent that Plaintiff requests radio transmissions from "medical personnel" that are not employed by the City of Wilmington. Such documents, if they exist, are not in the possession, custody and control of Defendants.

IV.   Plaintiff request copy of any/or all federal rulings or guidelines, related to defendants Answer to complaint filings.

   A.    Nelida Vegas, Answer to Complaint, wherein, Statute 10 <u>Del. C</u>. §4013, et seq. were stated.

**RESPONSE:**

   A.    Objection. Defendants object to this request as it is not reasonably calculated to lead to the discovery of admissible evidence; it is vague and over broad; it is unduly burdensome; and the documents requested constitute attorney work product. Specifically, Plaintiff is requesting that Defendants conduct his legal research. Such a request is inappropriate.

                          /s/ Rosamaria Tassone
                          Rosamaria Tassone, Esquire (I.D. #3546)
                          First Assistant City Solicitor
                          City of Wilmington Law Department
                          Louis L. Redding City/County Building
                          800 N. French Street, 9th Floor
                          Wilmington, DE 19801
                          Attorney for Defendants

Dated: August 30, 2007