IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAY RINGGOLD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-17 GMS |
| ) | TRAIL BY JURY DEMANDED |
| OFFICER THOMAS CURLEY, ) | |
| & OFFICER NELIDA VEGA ) | |
| ) | |
| Defendants ) | |
| ) | |

## PLAINTIFFSANSERWS TO DEFENDANTS INTERROGATORIES

1. State your social security number.
Answer: 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

2. State the day, month, and year you were born.
Answer: 24th day of October 1979

3. List each address at which you have resided since age sixteen, and the dates during which you lived at each address.
Answer: I lived at 2913 Washington Street for my entire life.

4. Please state your full driver's license number.
Answer: 1183165

5. State the names, last known addresses, and telephone numbers of all persons who have direct knowledge of or were eye-witnesses to facts alleged in your complaint, noting specifically the eye-witnesses.
Answer: N/A unaware of any names or addresses of any witnesses, due to my incarceration.

6. Give the names, last known addresses, and telephone numbers of all persons, other than those listed in the answer to interrogatory #5, who have knowledge of the facts concerning how the incidents alleged in your complaint occurred.
Answer: Shamika Brown, 825 Morrow Street, N/A, we were involved at time of incident, so she in turn had numerous discussions about said incident, during phone conversations, and visits.
Ida Ringgold, 2913 Washington Street, 302-764-3730, she is my mother; we also talked about the incidents surrounding the case. She also was the one who would have received the vehicle after the police were through with it, and the one who can verify proof of insurance, and a detailed list of expenses due to damage of vehicle.

7. State the name and present or last known address of each person who you expect to call as a witness at trail, including any expert and/or medical witness
Answer: None at this time. Will notify if any at later date.

8. State the name, address and telephone number of your family physician.
Answer: N/A haven't had one in years due to incarceration.

9. State in detail the injuries, illnesses, complaints, or diseases you claim to have sustained as a result of the incident upon which the complaint is based. Please also state the following.
Answer: Severe neck and back strains (March 11th 2004), bruised shoulder March 11th 2004), multiple contusions to my right shin (March 10th 2004). Also bruises, and scrapes to my face, as a result of being assaulted by Officers as I was being assaulted on the ground, while being handcuffed.

(a) The names, last known addresses, and telephone numbers of all doctors or medical personnel who have examined or treated you for the injuries which are claimed;
Answer: St. Francis Hospital, for neck, back, and shoulder. Wilmington Hospital, for injuries to my leg, and scrapes& bruises to my face.

(b) The names, last known addresses, and telephone numbers of all medical institutions to which you have medical been admitted or in which you have been treated for the alleged injuries;
Answer: St. Francis Hospital, Wilmington Hospital, Gander Hill infirmary

(c) The nature of the injuries;
Answer: Minor and severe bruising, multiple contusions, and other various similar injuries.

(d) Whether the injuries occurred on March 10th, 2004 or March 11th, 2004;

Answer: Stated in above answers.
(e) The dates of treatment for injuries;

Answer: Same dates as said injuries, due to incarceration (lack of rehabilitation, in prison), medical staff at H.R.Y.C.I., stated that injuries should have been taken care of at hospital. D.C.C. medical staff informed me that they didn't have any thing to do with other institutions mistakes, in not giving me the Motrin that I was prescribed from the beginning.
(f)The outcome of the alleged injuries.

Answer: Still having reoccurring problems with pains in my neck and in my back.

10. If you have fully recovered from any of the injuries, illnesses, complaints, or diseases listed in the answer to the previous interrogatory, state when such recovery was made for each.

Answer: I have fully recovered from the scrapes and bruises on my face and leg. So far as my leg being slammed repeatedly into the door which resulted in my leg being bruised, the scars have also healed.

11. If you have not recovered from the injuries, illnesses, complaints, or diseases sustained in the incident upon which the complaint is based, state in what respect you have not fully recovered.
Answer: I still suffer from soreness in my neck. I also still suffer from, stiffness and soreness in my back on some days.

12. Please list all medicine purchased by you or used by you in connection with the treatment of the injuries complained of in this action, specifying the cost thereof, the store from which purchased, the name of said medication, the prescription number, and the doctor who prescribed same.
Answer: I was sent to Gander Hill Prison with a prescription for Motrin, but never received any medication. Medical personnel informed that they never received any prescription from the officers when I was transferred to there facility. Since my incarceration I have taken it upon my self to purchase Ibuprofen, and Acetimenafine To use when im in pain.

13. N/A

14. N/A

15. N/A

16. The only transcripts I have are the one provided in my initial discovery I received when I was first locked-up.

17. N/A

18. N/A

19. State the name of the officer, or give a description of the officer, who was driving the "WPD van" in which you were being transported on March 11th, 2004 which you allege "rear ended a navy blue Jeep Cherokee."
Answer: Hillard, David. Investigating officer, R. Transue sgt.

20. State in detail the facts and circumstances leading to your encounter with Defendant Officers Thomas Curley and Nelida Vega on March 10th, 2004, Beginning with your first encounter with any Wilmington Police officer that day.
Answer: As I was leaving a friends residence, a police cruiser blocked my path. Being as though I was on the run from a probation violation, I avoided the officers by taking them on a brief chase from the 800 block of Morrow Street through Wilmington's North side. During said chase, I was rammed in my vehicle by a WPD patrol car, which I later found was operated by said defendants.

21. State the factual basis for your allegation that your car was "rammed" by defendants.
Answer: While was driving through said intersection of said incident, I saw the defendants vehicle proceeding towards the side of my vehicle at an accelerated rate until the point of impact, which happened to be the side of my vehicle.

22. State how many Wilmington Police cars "rammed" you on March 10th, 2004?
Answer: To my knowledge, I remember being struck twice while going through West and 30th streets and also said intersection.

23. State who was driving your car when you encountered the defendants on March 10th, 2004, and the names of any other individuals in the car other than your self, including their last known address and telephone number.
Answer: I was driving my car, and no one else was in the vehicle with me.

24. Please state what constitutional or statutory violation you are alleging occurred on March 10th, 2004. Please further state the facts which you allege constitute a constitutional or statutory violation with the regard to the incident you allege occurred on March 10th, 2004.
Answer: My 8th Amendment rights.
 13 AM. Jur. Proof of Facts 3d 1, Police Misconducts as Municipal Policy or Customs.
17 AM. Jur. Proof of Facts 3d 311, Punitive Damages in Motor Vehicle Accident Litigation.
To determine whether State actors could plausibly have thought that their use of excessive force claim, under 8th Am. The District Court must consider the need for application of force, the relationship between that need & amount of force used, the threat reasonably perceived by the responsible officials & any efforts made to temper the severity of a forceful response.
Jackson V. Austin, D. Kan. 2003, 241 F. Supp. 2d 313. 3&1548
Davidson V. Flynn, C.A. 2 (N.Y.) 1994, 32 F. 3d 27 3&P 1548 & 49
 During a pursuit there are certain rules and regulations that have to be followed even though one is a police officer. To ram a civilian on a way on to a one way, just because one cannot force the fleeing to stop, doesn't justify the use of a vehicle as a weapon of stopping force in a residential area.

25. Please state what constitutional or statutory violation you are alleging occurred on March 11th, 2004. Please further state the facts which you allege constitute a constitutional or statutory violation with regard to the incident you allege occurred on March 11th, 2004.
Answer: Also 8th amendment.
 Establishing a deprivation of a constitutional right to personal security under 1983: The use of unjustified force by state officials.
 Kathryn R. Urbonya, 51 Alb. L. Rev. 173 (1987)
4Hastings Const. L.Q. 219 (1977)
CJS. Prisons & Rights of Prisoners 60, Use of force 99 ALR, Fed. 501
Damages in Civil Actions for Deprivation of Rights under 42 U.S.C.A. 1983-Modern Cases

Signature        Jay M. Ringgold  *[signature]* 9-5-07

Delaware Department of Corrections
1181 Paddock Road
Smyrna DE 19977

## Certificate of Service

I, _Jay Ringgold Sr._, hereby certify that I have served a true And correct cop(ies) of the attached: _Motion for Answers to Defendants Interrogatories_ upon the following parties/person (s):

TO: _United States District Court_
_Lock Box 18 Clerk of Court_
_844 King Street_
_U.S. Courthouse_
_Wilmington, DE 19801_

TO: _Rosamaria Tassone, Esq._
_First Asst. City Solicitor, City of Wilm._
_Law Dept., Louis L. Redding City/County_
_bldg., 800 N. French St. 9th Flr.,_
_Wilmington, DE 19801 Attorney for Defendants_

TO: _____

TO: _____

BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _9th_ day of _September_, 200_7_

_Jay M. Ringgold Sr._

I/M Jay Ringgold Sr.
SBI# 324847  UNIT W
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Clerk of Court / Lock Box 18
844 King Street
U.S. Courthouse
Wilmington DE 19801


