IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAY RINGGOLD
  Plaintiff,
v.           C.A. No. 06-17 GMS
OFFICER THOMAS CURLEY and,  TRIAL BY JURY DEMANDED
OFFICER NELIDA VEGA,
  Defendants

PLAINTIFF'S OPENING BRIEF IN SUPPORT
OF MOTION FOR SUMMARY JUDGEMENT


FILED
DEC -7 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## SUMMARY OF ARGUMENT

- Plaintiff argues, that if Defendants can claim immunity for all of their actions and decisions. Then when and how, are any law enforcement personnel, ever held responsable for their actions.

Plaintiff argues, who's decision is it, of what is excessive force, and what isnt excessive force.

Defendant Vegas wish for dismissal of her in this case, must be some clever ploy, to not testify in open court. Being as Defendant Vega was a passenger in said patrol cruiser, she clearly would have been the officer relaying the radio transmissions to dispatch.

Further, Plaintiff clearly stated and maintained a §1983 action, or said incident, or Plaintiff wouldn't have been granted a hearing date without such findings.

## Argument

I. Defendants entire claim for summary judgement, is immunity.

(a.) It is obvious that Law Enforcement have been going above and beyond the perameters of the law for years, or there would never have been any amendments made to constitutional law.

(b.) Its cited in <u>Defendants Arguments</u>, that qualified immunity, is to "protect" public officals. Who and what, is in place to protect civilians.

II. Defendants allege that their use of force was "Reasonable".

(a.) Defendants apparently have taken the law and their badges, to their own level of reckless decisiveness.

(b.) Just because defendants are apart of law enforcement, dosent mean their judgement is allways right. Anyone can make a bad decision, anyone can make a wrong choice, even an officer of the law.

III. Defendants use of excessive force was wanton and reckless.

(a.) Under the Fourth Amendment, citizens are guaranteed the right, 'to be secure in their persons... against unreasonable... seizures' of the person. Graham v. Connor, 490 U.S. 386, 394 (1989).

(b.) Who's standard of determination, of "Ramming", bumper first, into the driver side of a vehicle, was used to believe or consider that, that was a reasonable amount of force

to apprehend a suspect.

(c.) If a loss of life, was a result of the reckless action by the defendants, would it have been deemed as reasonable, or excessive force.

IV. Defendant Vega must have, or show good reason, under the law, to be stricken from record in this matter.

(a.) Being as though Defendants were both in the patrol cruiser during pursuit, then both defendants should have a clear perspective as to what transpired during said incident.

(b.) If defendant Vega dosent wish to continue with this matter, it must be, in order to not commit perjury, in open court.

(c.) Defendant Vega must have some vague recollection of what may or may not have transpired in said incident. And must have been the officer, operating the radio during pursuit.

V Transmission During Pursuit.

(a.) The denial of transcripts from radio transmission during pursuit, may be detrimental, and are undeniably pertainent in this matter.

(b.) Transmission transcripts, may or may not be the one thing that a jury can use, to get a clear understanding of the pursuit, in order to determine the ruling and ultimate outcome of this case.

CONCLUSION

For the arguments and reasons set forth above, Plaintiff respectfully request that this Honorable Court, move to grant either a Trial by Jury date, or Plaintiffs Motion for Summary Judgement and rule in Plaintiffs favor.

Date: December 5th, 2007

Jay M. Ringgold Sr.

Jay Ringgold Sr.
Pro Se Plaintiff
324847
Delaware Correctional Cntr.
1181 Paddock Road
Smyrna DE 19977

I/M Jay Ringold Sr.
SBI# 324647  UNIT W
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Office Of The Clerk
United States DIStRict COURT
844 N King Street, Lockbox 18
Wilmington, DE 19801-3570