# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAY RINGGOLD, | : |
| | : |
| Plaintiff, | : |
| | :   C.A. No. 06-17 GMS |
| v. | :   TRIAL BY JURY DEMANDED |
| | : |
| OFFICER THOMAS CURLEY and | : |
| OFFICER NELIDA VEGA, | : |
| | : |
| Defendants. | : |

**DEFENDANTS' ANSWERING BRIEF TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND REPLY BRIEF IN SUPPORT
OF THEIR MOTION FOR SUMMARY JUDGMENT**

Rosamaria Tassone (I.D. #3546)
City of Wilmington Law Department
Louis L. Redding City/County Building
800 French Street, 9th Floor
Wilmington, Delaware 19801-3537
(302) 576-2175

Dated: December 21, 2007

**TABLE OF CONTENTS**

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    I.    PLAINTIFF'S THEORETICAL QUESTIONS AND CONCLUSORY STATEMENTS ARE AN INSUFFICIENT BASIS UPON WHICH THE COURT MAY GRANT SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF. . . . . . . 3

    II.    PLAINTIFF FAILS TO DEMONSTRATE A GENUINE ISSUE OF MATERIAL FACT NECESSARY TO DEFEAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## TABLE OF CITATIONS

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Celotex Corp. v. Catrett, 477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 8

Fraser v. Pennsylvania State System of Higher Education, et al.,
    1994 U.S. Dist. LEXIS 7409 (E.D. Pa. June 6, 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8

Goodman v. Mead Johnson & Co., 534 F.2d 566 (3d Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . 5

Graham v. Connor, 490 U.S. 386 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

Matsushita Electric Industries Co., Ltd. v. Zenith Radio Corp.,
    475 U.S. 574 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Merkle v. Upper Dublin School District, 211 F.3d 782 (3d Cir. 2000) . . . . . . . . . . . . . . . . . . . 10

Quiroga v. Hasbro, Inc., 934 F.2d 497 (3d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Waste Management of Pennsylvania, Inc. v. Shinn,
    938 F. Supp. 1243 (D. N.J. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 10

### Statutes

42 U.S.C. §1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

### Rules

Fed. R. Civ. P. 56(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8

## NATURE AND STAGE OF THE PROCEEDINGS

On October 15, 2007, following the close of discovery, Defendant Officers Thomas Curley and Nelida Vega filed a Motion for Summary Judgment as to the single remaining cause of action in this matter, specifically, Plaintiff's allegation that the Defendants used excessive force when they allegedly rammed his vehicle during a pursuit. Plaintiff failed to file an answering brief in response to Defendants' Motion. On November 30, 2007, the Court issued an Order directing Plaintiff to file an answering brief within ten (10) days of the date of the Order, or the Court would decide Defendants' Motion on the record presented in Defendants' Motion. In response to the Court's Order, Plaintiff filed a Motion for Summary Judgment, together with an accompanying Opening Brief, dated December 5, 2007.

Although the document filed by Plaintiff is entitled a "Motion for Summary Judgment," Plaintiff appears to be responding to the arguments raised in Defendants' Motion for Summary Judgment rather than providing argument which would support his own request for judgment as a matter of law on this issue. Therefore, the following constitutes Defendants' Answering Brief to Plaintiff's Motion for Summary Judgment and Reply Brief to Defendants' Motion for Summary Judgment.

## SUMMARY OF ARGUMENTS

Plaintiff's theoretical questions and conclusory statements are an insufficient basis upon which the court may grant summary judgment in favor of Plaintiff. Further, Plaintiff fails to demonstrate a genuine issue of material fact necessary to defeat Defendants' Motion for Summary Judgment.

**ARGUMENT**

I. **PLAINTIFF'S THEORETICAL QUESTIONS AND CONCLUSORY STATEMENTS ARE AN INSUFFICIENT BASIS UPON WHICH THE COURT MAY GRANT SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF.**

Plaintiff has requested that the Court grant summary judgment in his favor on the issue of Defendants' alleged use of excessive force. In other words, Plaintiff requests that the Court find as a matter of law that Defendants Curley and Vega used excessive force in violation of his constitutional rights when they allegedly rammed his vehicle during a pursuit. However, Plaintiff has failed to provide the Court with a factual record and legal basis which would support his Motion and upon which the Court could rule in his favor. Rather, Plaintiff supports his Motion with theoretical questions and conclusory statements. For example, Plaintiff argues, "[W]ho's decision is it, of what is excessive force and what isnt (sic) excessive force." (D.I. 28 Summary of Argument). Plaintiff also argues, "Who's standard of determination, of 'ramming', bumper first, into the driver side of a vehicle, was used to believe or consider, that, that was a reasonable amount of force to use, to apprehend a suspect." (D.I. 28 Argument, at II(b)). As legal support, Plaintiff cites Graham v. Connor, 490 U.S. 386, 394 (1989). In addition, Plaintiff seemingly argues that his claim arises out of the Eighth Amendment rather than the Fourth Amendment as Defendants argue in their Motion. (D.I. 27 Plaintiff's Motion for Summary Judgment, para. 4).

Defendants have addressed the legal issues raised in Plaintiff's Motion for Summary Judgment in their Opening Brief filed in support of their Motion, including the proper constitutional standard of review. (Where a plaintiff's excessive force claim arises in the context of an investigatory stop, arrest or other "seizure," the Court must construe plaintiff's complaint as "one invoking the protections of the Fourth Amendment, which guarantees citizens the right 'to be secure

in their persons... against unreasonable... seizures' of the person." Graham v. Connor, 490 U.S. 386, 394 (1989)). In an effort to avoid repetition, Defendants will not repeat their arguments here, but rather will incorporate and rely upon the facts and argument contained in their Opening Brief which addresses Plaintiff's contentions.

Given that Plaintiff has failed to provide a legal and factual record which would warrant judgment as a matter of law, and for the reasons contained in Defendants' Opening Brief, the Court must deny Plaintiff's Motion for Summary Judgment.

**II.  PLAINTIFF FAILS TO DEMONSTRATE A GENUINE ISSUE OF MATERIAL FACT NECESSARY TO DEFEAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.**

In response to Defendant Officers Thomas Curley and Nelida Vega's Motion for Summary Judgment, Plaintiff Jay Ringgold fails to demonstrate a genuine issue of material fact necessary to defeat Defendants' Motion. Plaintiff offers the Court no evidentiary support for the allegations contained in his Complaint, but rather relies on unsubstantiated and conclusory statements. Plaintiff's Opening Brief in Support of his Motion for Summary Judgment, to the extent that Plaintiff intends the brief to respond to Defendants' Motion for Summary Judgment, contains not one citation to the record. In fact, he does not present any record from which the Court could conclude that a genuine issue of material fact exists warranting a trial. Further, Plaintiff does not dispute the factual record contained in Defendants' Motion. Therefore, Plaintiff fails to carry his burden in response to Defendants' Motion, and the Court, as a matter of law, must grant summary judgment in favor of Defendants and dismiss Plaintiff's claims.

A Court shall grant a party's motion for summary judgment "if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if a dispute about it might affect the outcome of the trial. Id. The governing substantive law identifies which facts are material. Id.

Summary judgment serves to "avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense." Fraser v. Pennsylvania State System of Higher Education, et al., 1994 U.S. Dist. LEXIS 7409, *8 (E.D. Pa. June 6, 1994), citing Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976). To that end, the Supreme Court has allocated the burdens between the moving and non-moving parties in a motion for summary judgment. The moving party has the initial burden of demonstrating the absence of a genuine issue of material fact. Waste Management of Pennsylvania, Inc. v. Shinn, 938 F. Supp. 1243, 1251 (D. N.J. 1996), citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The movant is not required to support his motion with affidavits or other documents that negate the opponent's claim, but merely point out the lack of evidence substantiating the non-movant's claim. Id.

Once the moving party has met her initial burden, "the non-moving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. "The non-movant must go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Id. "The non-moving party may not rest upon the mere allegations or denials of its pleading." Waste Management of Pennsylvania, 938 F. Supp. at

1252, citing Celotex Co., 477 U.S. at 324.

In the matter *sub judice*, the Defendants have carried their initial burden under the summary judgment standard by demonstrating the absence of any genuine issue of material fact necessitating a trial by jury. In support of their Motion, Defendants offer the Court a record replete with facts demonstrating that: 1) Plaintiff was a probation absconder wanted for various weapons offense; 2) In the 800 block of Morrow Street, Plaintiff resisted arrest by fleeing in his vehicle; 3) Plaintiff led Wilmington police officers on a pursuit, driving recklessly through the City of Wilmington; 4) Plaintiff threw at least one gun out the window during the pursuit, and this information was transmitted to other officers involved in the pursuit; 5) At the intersection of 30th and Monroe Streets, Plaintiff illegally passed a stopped vehicle, entered the intersection and struck the bumper of Defendants' patrol vehicle; 6) Plaintiff continued to flee west on 30th Street after striking the Defendants' vehicle; 7) Plaintiff's vehicle came to a stop at 30th and Harrison Streets where officers removed him from his vehicle and placed him under arrest; and 8) The damage to both vehicles consisted of minor paint transfer inconsistent with Plaintiff's allegation that Defendants rammed Plaintiff's vehicle at an accelerated rate of speed. These facts are corroborated by eight separate investigative narratives contained in the police report from approximately 13 police officers, only two of who are named Defendants in this matter, and the photographs of the vehicles taken at the scene. (A 1-29). Some of these facts are also corroborated by Plaintiff's own answers to Defendants' interrogatories. (A 30-34).

In the face of Defendants' well-pled Motion for Summary Judgment, Plaintiff bears the burden of demonstrating to the Court a genuine issue of material fact for trial, thus defeating Defendants' Motion. Rather than submitting to the Court record evidence establishing a genuine

issue of material fact as to the existence of probable cause, Plaintiff relies on conclusory statements and supposition. Specifically, in response to Defendants' argument that they are entitled to qualified immunity, Plaintiff states: "It is obvious that law enforcement have been going above and beyond the perameters (sic) of the law for years, or there would never have been any amendments made to constitutional law." (D.I. 28 Argument, at I(a)). In response to Defendants' argument that assuming for purposes of summary judgment that Defendant Curley hit Plaintiff's vehicle, the force was reasonable in light of the totality of the circumstances, Plaintiff states: "Defendants apparently have taken the law and their badges, to their own level of reckless decisiveness... Just because defendants are part of law enforcement, dosent (sic) mean their judgment is always right. Any one can make a bad decision, anyone can make a wrong choice, even an officer of the law." (D.I. 28 Argument, at II(a),(b)). In response to Defendant Vega's argument that she cannot be held liable under §1983 even if it is assumed that Defendant Curley hit Plaintiff's vehicle because she was not driving and, therefore, had no personal involvement in the alleged unconstitutional act, Plaintiff responds by stating that Defendant Vega had a "clear perspective as to what transpired during said incident," that she "must have been the officer, operating the radio during pursuit," and that she does not want to continue with the case "in order to not commit perjury in open court." (D.I. 28 Argument, at IV(a),(b),(c)). Finally, in response to Defendants' argument that Plaintiff cannot establish a constitutional violation because he actually struck Defendants' vehicle, Plaintiff states: "An accident specialist could determine who struck who in said incident." (D.I. 28 Argument, at VI). However, Plaintiff does not indicate that he has consulted or retained an accident reconstruction specialist to substantiate his allegation that Defendants rammed his vehicle, thereby pointing to a genuine issue of fact in the record.

"Self serving statements of fact contained in a brief or a motion do not suffice to defeat a properly supported motion for summary judgment." Fraser, 1994 U.S. Dist. LEXIS 7409, *18 (held plaintiff's failure to direct the court to any facts of record supporting plaintiff's claims, plaintiff's failure to file a response to defendant's motion for summary judgment, and the fact that plaintiff's own motion for summary judgment contained only conclusory allegations with no citation to the record entitles defendant to summary judgment).  As such, Plaintiff's responses are completely lacking and warrant the entry of summary judgment in Defendants' favor.

> The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  Celotex, 477 U.S. at 322.

The Third Circuit has opined that under the standard for summary judgment, the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts." Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir. 1991), quoting Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Indeed, the non-movant "must set forth specific facts showing a genuine issue for trial and may not rest upon mere allegations, general denials or ... vague statements... He must offer some evidence" that supports his claims.  Id.

In addition to the above arguments, Plaintiff also alleges that Defendants have inappropriately denied him copies of the radio transmissions of the officers during the pursuit. Plaintiff argues that this denial is a violation of the rules governing discovery and is detrimental to his case, thereby warranting judgment in his favor. (D.I. 28 Argument, at V(a); D.I. 27, para. 1, 3, 7).  Plaintiff's allegation is without merit. During discovery, Plaintiff requested that Defendants produce "all radio

transmission transcripts." (D.I. 19 ). In response, Defendants stated that "Defendants no longer possess the radio transmissions from March 10, 2004. The computerized dispatch/radio system in effect at that time only permitted the Wilmington Police Department to retain radio transmissions for 12-13 months." (D.I. 22). The incident at issue occurred on March 10, 2004. Plaintiff filed his Complaint on January 9, 2006, approximately one year and ten months later. Defendants had no knowledge of Plaintiff's lawsuit until they were served in July, 2006. As such, the radio transmissions from March 10, 2004 had already been copied over. Plaintiff did not challenge Defendants' response to his Request for Production.

However, Defendants did provide Plaintiff with copies of the Initial Crime Report and all supplemental reports. (D.I. 22). These were also included in Defendants' Appendix to Defendants' Opening Brief. Contrary to Plaintiff's assertion, Defendants' counsel did not cite to transcripts from the radio transmissions in Defendants' Opening Brief. Rather, counsel cited to the officers' reports which contained very specific details about the pursuit and subsequent arrest, factual details which Plaintiff has not disputed. Further, Plaintiff has failed to provide the Court with any reason to believe that the information contained in the police reports would differ from the information contained in the radio transmissions.

With regard to Plaintiff's argument that a jury would not be able to reach a decision without the radio transmissions, that argument is also without merit. Should the matter proceed to trial, the officers, including the Defendants, would be present to give their testimony, under oath, as to the facts of this case. As such, the jury would hear firsthand the officers' testimony.

Given the above, Plaintiff fails to offer the Court any evidence demonstrating a genuine issue of material fact in the record. Plaintiff does not cite any factual support to bolster his claim under

42 U.S.C.§1983 for excessive force. Indeed, Plaintiff fails to present any record for the Court's review. "The Court must rule 'on the record the parties have actually presented, not on one potentially possible.'" Waste Management of Pennsylvania, Inc., 938 F. Supp. at 1251. The only record presently before the Court is that provided by the Defendants. Therefore, the Court must find that Plaintiff has not suffered a violation of his Fourth Amendment rights and/or that Defendants are entitled to qualified immunity as a matter of law, because even viewing the evidence in a light most favorable to Plaintiff, the record reasonably does not support a contrary factual finding. Merkle v. Upper Dublin School District, 211 F.3d 782, 789 (3d Cir. 2000). Therefore, summary judgment is appropriate and must be granted to the Defendants.

## CONCLUSION

Once the Defendants filed their Motion for Summary Judgment, it was incumbent upon the Plaintiff to demonstrate to the Court a genuine issue of material fact requiring adjudication of this matter by trial. Plaintiff must put forth credible evidence from the record in order to meet his burden of proof. In the matter currently before the Court, Plaintiff has failed to carry his burden. Plaintiff does not cite to any evidence supporting his claim, but merely resorts to self-serving, conclusory assertions. Indeed, the record before the Court contains not a scintilla of evidence demonstrating a genuine issue of fact with regard to the lack of a constitutional deprivation, and Defendants' entitlement to qualified immunity.

As such, summary judgment must be entered in favor of the Defendants, and Plaintiff's Complaint dismissed with prejudice.

    /s/ Rosamaria Tassone
Rosamaria Tassone (I.D. #3546)
First Assistant City Solicitor
City of Wilmington Law Department
Louis L. Redding City/County Building
800 N. French Street, 9th floor
Wilmington, DE 19801
Attorney for Defendants

Dated:   December 21, 2007

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JAY RINGGOLD, : | |
| : | |
| Plaintiff, : | |
| : | C.A. No. 06-17 GMS |
| v. : | TRIAL BY JURY DEMANDED |
| : | |
| OFFICER THOMAS CURLEY and : | |
| OFFICER NELIDA VEGA, : | |
| : | |
| Defendants. : | |

**CERTIFICATE OF SERVICE**

I, Rosamaria Tassone, Esquire, hereby certify that on this 21st day of December, 2007, I electronically filed Defendants' Answering/Reply Brief in Support of Their Motion for Summary with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and that these documents are available for viewing and downloading from CM/ECF, I also sent via U.S. Mail one copy of said document to the following:

Jay Ringgold
(SBI #324847)
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ Rosamaria Tassone
Rosamaria Tassone, Esquire (I.D. #3546)
First Assistant City Solicitor
City of Wilmington Law Department
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801